## Anton Reinick, Appellee, v. Frank Smetana, Appellant.

### Gen. No. 22,772.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Anton Reinick, plaintiff, against Frank Smetana, defendant, to recover damages for injuries sustained by being struck by defendant's automobile. From a judgment for plaintiff for $1,000, defendant appeals.

SABATH, STAFFORD & SABATH, for appellant; CHARLES B. STAFFORD, of counsel.

C. J. WARING, for appellee.

MR. JUSTICE DEVER delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when finding of jury not disturbed.* The finding of a jury will not be disturbed upon controverted questions where there is a direct and sharp conflict in the evidence.

2. INSTRUCTIONS, § 7*—*when accuracy in is necessary.* Where the evidence is sharply conflicting, it is obligatory on the court to accurately instruct the jury as to the law applicable to the case.

3. AUTOMOBILES AND GARAGES, § 3*—*when modification of instruction is improper.* In an action to recover damages for injuries sustained by being struck by defendant's automobile while driven by another, an instruction that plaintiff in order to recover must show not only that the car belonged to defendant but that it was driven by another for defendant and on defendant's business, *held* to be proper as offered and improperly modified by the court by adding

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

after the word "business" the words "or by and with the consent of" defendant.

4. AUTOMOBILES AND GARAGES, § 3*—*when instruction on liability of owner for injury by third person driving car is improperly modified.* In an action to recover damages for injuries sustained by being struck by an automobile, an instruction that if the jury believed from the evidence that the defendant consented to and permitted a certain other party to take the automobile, and that in taking it such party was doing it for his own purposes and his own use and that the accident happened and plaintiff was injured while the said automobile was so being driven by such party, then the jury should find the defendant not guilty, *held* proper as offered and improperly modified by the court by striking out the word "not" before the word "guilty."

5. AUTOMOBILES AND GARAGES, § 2*—*when owner of automobile driven by another is liable for injuries to a person.* The owner of an automobile operated by another is only liable for injuries to a person where it is shown by a preponderance of the evidence that the person operating such automobile is in some degree acting for such owner or that he is operating such vehicle in and about the owner's business.